UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY BRYANT, Individually and as Parent and
Natural Guardian of D. K.,

                              Plaintiffs,

                      Case No. 15-CV-440-FPG

      v.

                      DECISION AND ORDER

CHRISTINA ROOSA, M.D.,
CINDY MACK, C.N.M.,
SOUTHERN TIER COMMUNITY HEALTH
CENTER NETWORK, INC.,
SOUTHERN TIER COMMUNITY HEALTH
CENTER NETWORK, INC., d/b/a UNIVERSAL
PRIMARY CARE,
SOUTHERN TIER HEALTH CARE SYSTEM, INC.,
OLEAN GENERAL HOSPITAL and
UPPER ALLEGHENY HEALTH SYSTEM, INC.

                              Defendants.

## INTRODUCTION

Plaintiff Ashley Bryant ("Bryant"), individually and as parent and natural guardian of her minor child D.K., brings this action against Christina Roosa, M.D. ("Roosa"), Cindy Mack, C.N.M. ("Mack"), Southern Tier Community Health Center Network, Inc. ("Southern Tier Community Health Center"), Southern Tier Community Health Center Network, Inc. d/b/a Universal Primary Care ("Universal Primary Care"), Southern Tier Health Care System, Inc. ("Southern Tier Health Care"), Olean General Hospital ("Olean General"), and Upper Allegheny Health System ("Upper Allegheny Health"), (collectively referred to as "Defendants"). Bryant alleges that the Defendants were "negligent and committed acts of medical malpractice" during the birth of, and which caused injuries to, her child D.K. ECF No. 1, ¶¶ 13, 14.

The United States has moved to be substituted as Defendant in the place of Defendants Roosa, Mack, Southern Tier Community Health Center and Universal Primary Care under 28 U.S.C. § 2679 *et seq.* ECF No. 2, ¶ 1; ECF No. 1, Ex. B. The United States also moves, after being substituted for Defendants Roosa, Mack, Southern Tier Community Health Center, and Universal Primary Care, to dismiss this case as against them[1] for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 2, ¶ 2. For the following reasons, the motions for substitution and to dismiss for lack of subject matter jurisdiction are granted.

BACKGROUND

The following facts are drawn from the Plaintiff's Complaint. On about April 9, 2014, Bryant gave birth to her child, D.K., at Olean General Hospital. ECF No. 1, Complaint ¶ 23. Prior to giving birth to D.K., Bryant presented with a history for a large gestational age ("LGA") baby, which she alleges was well documented at the time. *Id.* at ¶ 25. Roosa and Mack attempted a natural childbirth, which caused injuries to D.K. *Id.* at ¶ 24. Bryant alleges that Defendants were "negligent and committed malpractice" in (1) failing to consider that Bryant carried a LGA baby and may therefore be at risk for complications during delivery, and (2) for failing to perform a cesarean section in a timely manner. *Id.* at ¶ 26. As a result of the Defendants' actions, Bryant alleges both she and D.K. sustained injuries. *Id.* at ¶¶ 14, 28, 35, 36.

---

[1] The claims against Defendants Olean General and Upper Allegheny Health are not affected by this Motion to Dismiss.

## DISCUSSION

I.      Motion for Substitution of Parties

The Federally Supported Health Centers Assistance Act provides coverage of medical malpractice for qualifying health centers under the Federal Tort Claims Act ("FTCA"). 42 U.S.C. § 233(g). Qualifying health centers or their employees must be deemed employees by the Public Health Service to be protected from liability or malpractice. 42 U.S.C. § 233(a)(f), (g)(1)(A). Protection comes from the FTCA because after federal employees have been deemed by the Attorney General as acting within the scope of their office or employment, a legal action against the employees would actually be against the United States. 28 U.S.C. § 2679(d)(1). The Attorney General has delegated her authority to certify whether federal employees acted within their scope of employment to the United States Attorneys. 28 C.F.R. § 15.2(a).

During the relevant time, the Department of Health and Human Services deemed Universal Primary Care to be an employee of the Public Health Service. ECF No. 3, Exh. B. In addition, the United States Attorney for the Western District of New York, William J. Hochul, Jr., has certified that the Southern Tier Community Health Center, Universal Primary Care, Roosa, and Mack all acted within the scope of their employment as health care providers under the Federally Supported Health Centers Assistance Act with respect to the claims alleged in the Complaint. ECF No. 3, Exh. C; 42 U.S.C. § 233(g)-(n). The Defendants have not advanced any reason to suggest that substitution would be improper in this case, and based upon these certifications, the United States' Motion to Substitute Parties (ECF No. 2) is GRANTED, and the United States is hereby substituted in place of Defendants Roosa, Mack, Southern Tier Community Health Center, and Universal Primary Care.

II.   Motions to Dismiss

The United States has moved to dismiss this action against itself on two separate bases: under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. ECF Nos. 2, 3, 4.

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of New York*, No. 11–CV–3234, 2013 WL 145747, at *4–5 (E.D.N.Y. Jan. 14, 2013) (*citing Magee v. Nassau Cty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998). The Court therefore considers first whether it has jurisdiction over this action before considering whether Plaintiff has stated a claim.

"[A] claim is 'properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). The Court may refer to evidence outside of the pleadings in determining a Rule 12(b)(1) motion. *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 393 (W.D.N.Y. 2008).

The Supreme Court has held that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Specifically, the FTCA requires that potential litigants first present their claims to the appropriate federal agency within two years of accrual, and their claims must

be denied in writing before claimants may file suit in federal court. *See* 28 U.S.C. §§ 2401(b), 2675(a). In other words, "the FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Failure to comply with this requirement is jurisdictional and results in dismissal of the suit. *See McNeil,* 508 U.S. at 113.

In this case, the appropriate federal agency to file such a claim with is the Department of Health and Human Services. The government has submitted the affidavit of Meredith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. ECF No. 3, Exh. D. In her affidavit, Torres states that she searched the Claims Branch's database that is maintained by the Department of Health and Human Services for the purpose of tracking administrative tort claims under the FTCA. *Id.* at ¶ 2. Torres did not find any administrative tort claim filed by Bryant relating to Roosa, Mack, or Southern Tier Community Health Center Network, d/b/a Universal Primary Care. *Id.* at ¶ 4. In addition, Bryant has not responded to the Motion to Dismiss, so she has done nothing to even attempt to demonstrate that she indeed filed the required administrative claim. Bryant's failure to file an administrative claim means that she has not exhausted her administrative remedies prior to commencing this action. As a result, this Court does not have jurisdiction to hear this case, and the United States' Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 2) is GRANTED, and the United States is dismissed from this action.

Since the Court does not have subject matter jurisdiction over the United States in this action, the Court does not reach the government's Rule 12(b)(6) motion.

## CONCLUSION

For the foregoing reasons, the Motion to Substitute the United States in place of Defendants Roosa, Mack, Southern Tier Community Health Center, and Universal Primary Care (ECF No. 2) is GRANTED. Further, the United States' Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 2) is also GRANTED, and the United States, as the now substituted party for Defendants Roosa, Mack, Southern Tier Community Health Center, and Universal Primary Care, is hereby dismissed from this case.

IT IS SO ORDERED.

Dated: January 25, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court